UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ALEXIS RODRIGUEZ,<br><br>Defendant. | Case No.: 3:21-cr-2110-BTM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INFORMATION [ECF NO. 39] AND VACATING DEFENDANT'S COMMITMENT [ECF NO. 36]** |
|---|---|

Pending before the Court is Defendant David Alexis Rodriguez's Motion to Dismiss the Information and Objection to Exclusion of Time Under the Speedy Trial Act. (ECF No. 39).[1] For the reasons discussed below, the Court denies Mr. Rodriguez's motion. However, the Court will vacate Mr. Rodriguez's commitment under 18 U.S.C. § 4247(b) as ordered in the Amended Order for Psychiatric Examination. (ECF. No. 36).

## BACKGROUND

On June 23, 2021, Mr. Rodriguez was arrested near Ocotillo, California

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

after Border Patrol agents suspected he was transporting undocumented aliens. Following a detention hearing, bond was set at $25,000 with a ten percent cash deposit and two sureties. (ECF No. 16). To date, Mr. Rodriguez has not met the conditions of release and remains in custody.

On July 22, 2021, Mr. Rodriguez was arraigned on a three-count Information filed that day charging him with transportation of certain aliens and aiding and abetting. (ECF No. 19). The next day, the attorney for the detained material witnesses filed a Motion to Take Deposition and Release of Material Witnesses, and a hearing date was set for August 5, 2021. (ECF Nos. 21-22). Upon defense counsel's request, the motion hearing was continued to August 23, 2021. (ECF. No. 24).

Meanwhile, a magistrate judge granted defense counsel's request for a competency exam pursuant to 18 U.S.C. § 4241 on August 13, 2021. (ECF No. 29). The competency hearing was set for September 17, 2021. Per the magistrate judge's order, the examination was to occur at the facility where the defendant was held, and the psychologist/psychiatrist would be allowed entry into the facility to conduct the examination. (ECF No. 30, at 2). On September 14, 2021, the magistrate judge issued an Amended Order specifying that the defendant be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4247(b). (ECF No. 36, at 2). The Amended Order further directed that Mr. Rodriguez be transported to Metropolitan Correctional Center ("MCC") in San Diego to complete the competency evaluation. *Id.*

Mr. Rodriguez arrived at MCC on September 17, 2021 and due to COVID-19 was placed in a 14-day quarantine. According to government counsel, Mr. Rodriguez is to be given a COVID-19 test following the quarantine. If he tests negative, he will be placed in general population and available for examination by MCC's Psychology Department.

On September 22, 2021, Mr. Rodriguez filed the present motion to dismiss

the Information arguing that 1) his due process rights were violated because his competency evaluation was not completed in the 30-day time period permitted in § 4247(b), 2) systemic delays in competency proceedings support dismissal, and 3) the time to complete the competency evaluation should not be excluded under the Speedy Trial Act because his evaluation did not commence in the 30-day period permitted by § 4247(b).[2]

## LEGAL STANDARD

**1. Due Process**

A pretrial detainee's confinement is subject to due process requirements. *Or. Advocacy Ctr.* v. *Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). "The Supreme Court articulated a general 'rule of reasonableness' limiting the duration of pretrial detention for incompetent defendants and requiring, at minimum, 'that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed.'" *Trueblood v. Wash. State Dep't of Soc. & Health Servs.*, 822 F.3d 1037, 1043 (9th Cir. 2016) (quoting *Jackson v. Indiana*, 406 U.S. 715, 733 (1972)). "Whether the substantive due process rights of incapacitated criminal defendants have been violated must be determined by balancing their liberty interests in freedom from incarceration and in restorative treatment against the legitimate interests of the state." *Mink*, 322 F.3d at 1121. This framework established in *Mink* and *Jackson* applies to individuals awaiting competency evaluations. *Trueblood*, 822 F.3d at 1043.

**2. 18 U.S.C. §§ 4241, 4247(b)**

18 U.S.C. § 4241 provides the competency evaluation procedure for

---

[2] Mr. Rodriguez also requests the Court warn the government that it will not tolerate any further delays in the competency evaluation. On September 27, 2021, the Court ordered that defense counsel and government counsel find a suitable psychiatrist or psychologist to complete Mr. Rodriguez's evaluation. (ECF No. 44). On October 4, 2021, this Court issued an Order Authorizing Private Psychologist for the Determination of Defendant's Competency and ordered that the competency examination be administered no later than October 13, 2021. Mr. Rodriguez's competency hearing is scheduled for October 20, 2021. (ECF No. 46).

defendants in federal criminal cases. Upon a motion for a hearing to determine the defendant's mental competency, the court "shall grant the motion. . .if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent." *Id.* at § 4241(a). Under 18 U.S.C. § 4247(b), "[f]or the purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days. . .to the custody of the Attorney General for placement in a suitable facility." "The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241, 4244, or 4245." *Id.*

Section 4247(b) provides that the district court may commit the defendant to the custody of the Attorney General or that the examination be made in some other manner. *See In re Newchurch*, 807 F.2d 404, 410 (5th Cir. 1986). As such, "[f]or the purposes of determining whether to commit a defendant for a mental examination, the statutory language of 18 U.S.C. § 4247(b) does not distinguish between defendants who are on pre-trial release and those currently in custody." *United States v. McDonald*, 2012 U.S. Dist. LEXIS 142620, *7 (D.N.J. 2012). By its plain text, § 4247(b), "when read in conjunction with section 4241, fixes a 30-day limit on pretrial *commitments* for determinations of competency to stand trial." *United States v. Fuller*, 86 F.3d 105, 106 (7th Cir. 1996) (emphasis added). Section 4247(b) does not set a deadline for the completion of the exam; it only sets a limit on the time the defendant can be held in custody for the exam. A district court's decision to commit a defendant for a competency evaluation pursuant to § 4247(b) is subject to due process requirements and must be supported by sufficient findings. *See United States v. Song*, 530 Fed. Appx. 255, 260 (4th Cir. 2013) (unpublished); *United States v. Neal*, 679 F.3d 737, 740 (8th Cir. 2012); *In re Newchurch*, 807 F.2d at 410.

# DISCUSSION

## A. Due Process

Mr. Rodriguez claims his due process rights were violated because his competency evaluation was not completed in the 30-day period permitted by § 4247(b). According to Mr. Rodriguez, the 30-day period began on August 13, 2021 when the magistrate judge initially ordered the competency evaluation, and therefore the delays in his transportation to MCC and evaluation have exhausted the time period permitted and unreasonably stalled his prosecution. While Mr. Rodriguez's pretrial confinement is subject to due process requirements, *see Trueblood*, 822 F.3d at 1043, the Court finds that Mr. Rodriguez was not formally committed to the custody of the Attorney General for the § 4241 exam until the Amended Order of September 14, 2021. (ECF. No. 36).

The Court acknowledges that the language in the magistrate judge's first order directed that the exam take place where Mr. Rodriguez was confined. But that was just a recognition that Mr. Rodriguez was confined as he had not posted bail. It did not separately commit him to custody for the exam. Mr. Rodriguez could have made conditions of release up until he was committed to the custody of the Attorney General on September 14. *See United States v. Northington*, 2012 U.S. Dist. LEXIS 112960, *18 (E.D. Pa. 2012) (distinguishing a defendant in custody as both pretrial detainee and a prisoner serving a separate sentence from a defendant out on bond and thereafter committed to undergo psychiatric evaluation). Accordingly, at the time Mr. Rodriguez filed the present motion, the 30 days as permitted under § 4247(b) had not expired. *See Fuller*, 86 F.3d at 106. In any event, Mr. Rodriguez's remedy for an alleged violation of § 4247(b) is habeas corpus or dismissal upon showing his defense was impaired by his confinement. *Id*. at 106-107. He has not sought habeas corpus or shown such prejudice here.

Even under Mr. Rodriguez's timeline, no due process violation occurred

under the framework established in *Jackson* and *Mink*. However, the Court vacates the § 4247(b) commitment as set out in the Amended Order (ECF No. 36) as the magistrate judge did not have any evidence presented or make findings that commitment was necessary as required by due process. *See Neal*, 679 F.3d at 740; *In re Newchurch*, 807 F.2d at 410. As such, Mr. Rodriguez is free to make conditions of release.

**B. Systemic Violations**

Mr. Rodriguez next claims that the Information should be dismissed based on alleged district-wide systemic delays in competency evaluations. In support, Mr. Rodriguez provides eight cases where purportedly delays in completing competency evaluations occurred. However, Mr. Rodriguez's eight cases do not represent the total number of cases where § 4247(b) commitments were ordered, so the court can not determine the percentage of cases in which there was a delay. Moreover, "courts have rejected the argument that due process violations caused by systemic delays warrant the dismissal of indictments." *See United States v. Zapata-Herrera*, 2015 U.S. Dist. LEXIS 107444, *4-5 (S.D. Cal. 2015). Here, the Court does not find that the government violated Mr. Rodriguez's due process rights; nor does the Court find it appropriate to exercise its supervisory power to dismiss the Information as this is not a case of "flagrant prosecutorial misconduct." *See United States v. Simpson*, 927 F.2d 1088, 1091 (9th Cir. 1991).

**C. Speedy Trial Act**

Mr. Rodriguez objects to excluding time under the Speedy Trial Act ("Act") for his competency evaluation due to the alleged § 4247(b) violation. *See* 18 U.S.C. § 3161. As explained, it is the Court's view that Mr. Rodriguez was not committed until the Amended Order issued on September 14. Furthermore, the Ninth Circuit has clearly stated that § 4247(b) does not necessarily implicate the exclusions in the Act under § 3161(h)(1)(A). *United States v. Miranda*, 986 F.2d 1283, 1285 (9th Cir. 1993) ("Congress gave no indication that 18 U.S.C. §

4247(b) modifies section 3161(h)(1)(A) . . .[and] there is no compelling reason that the two statutes be linked.").

In any event, defense counsel conceded at the September 29 hearing that, even under their speedy trial timeline, the speedy trial clock would not exhaust until October 25, 2021. Therefore, the Court need not address their argument further as Mr. Rodriguez alleges no speedy trial violation.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Dismiss the Information. The Court **VACATES** Mr. Rodriguez's commitment under the Amended Order (ECF No. 36), and he is free to make conditions of release.

**IT IS SO ORDERED.**

Dated: October 12, 2021

_____
Honorable Barry Ted Moskowitz
United States District Judge